JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL J. FRIEDMAN, | CASE NO. CV 18-3186-R |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION TO REMAND |
| v. | |
| REAL TIME RESOLUTIONS, INC.; SCOTT WINKLEMAN; and DOES 1-50, | |
| Defendants. | |

Before the Court is Plaintiff's Motion to Remand, filed on April 23, 2018, Defendant Real Time Resolutions, Inc.'s Motion to Dismiss, filed on April 30, 2018, and Defendant Scott Winkleman's Motion to Dismiss, filed on April 30, 2018. (Dkts. 10, 13, 14). On April 16, 2018, Defendants filed a timely notice of removal. (Dkt. 1). On May 3, 2018, the Court granted Plaintiff's motion to dismiss his claim for violation of the Federal Fair Debt Collection Practices Act ("FDCPA"), Plaintiff's sole federal claim. (Dkt. 17). Having been briefed by the parties, this Court took the matter under submission on May 16, 2018.

A defendant may remove a civil action from state court if the action could have originally been filed in federal court. 28 U.S.C. § 1441(a). "The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009). There is a "strong presumption against removal

jurisdiction," and courts must reject it "if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010).

Although removability is based on the pleadings at the time of the removal, a court may "decline to exercise supplemental jurisdiction over related state-law claims once it has 'dismissed all claims over which it has original jurisdiction.'" 28 U.S.C. § 1367(c)(3); *Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001). Here, Plaintiff alleged six state claims and one federal claim. Defendants removed the action based on federal question jurisdiction. After removal, the Court dismissed Plaintiff's federal claim for violation of the FDCPA. The Court declines to exercise supplemental jurisdiction. *See City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172 (1997) (supplemental jurisdiction is "a doctrine of discretion").

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand is GRANTED. (Dkt. 10).

**IT IS FURTHER ORDERED** that Defendant Real Time Resolutions, Inc. Motion to Dismiss is MOOT. (Dkt. 13).

**IT IS FURTHER ORDERED** that Defendant Scott Winkleman's Motion to Dismiss is MOOT. (Dkt. 14).

Dated: June 19, 2018.

_____

MANUEL L. REAL
UNITED STATES DISTRICT JUDGE